# FOOTE et al. v. PUBLIC HOUSING COM'R OF UNITED STATES.

## No. 1885.

United States District Court
W. D. Michigan, S. D.

Sept. 26, 1952.

Francis L. Williams and John E. Damon, Grand Rapids, Mich., Robert L. Miles and Nuel N. Donley, Big Rapids, Mich., for plaintiffs.

Joseph F. Deeb, U. S. Atty., Grand Rapids, Mich., for defendant.

STARR, District Judge.

On and prior to February 14, 1949, plaintiffs Ralph Foote and Marie Annette Foote, his wife, and their two minor children, Mariann Louise and Martha Ann-

ette, occupied a dwelling unit in the public housing project for veterans at Cadillac, Michigan, which project was developed by the Federal public housing authority and the city of Cadillac. On that date, February 14th, a coal stove in this housing unit exploded, causing a fire in which the plaintiffs' two children received serious burns resulting in their death on February 15th.

On July 21, 1950, the probate court for Wexford county, Michigan, appointed plaintiff Ralph Foote administrator of the estates of his two deceased children, and about a year later, on July 27, 1951, an order was entered in the probate court authorizing him to commence the present suit. On October 17, 1951, which was more than two years after the death of the children, Ralph Foote as administrator of their estates and Ralph Foote and his wife, Marie Annette Foote, individually, filed complaint alleging that the death of their children resulted from the negligence of the defendant and his agents in failing to construct said housing unit in a reasonably safe manner and in equipping the housing unit with a coal stove of defective design and construction. In the complaint plaintiff Ralph Foote as administrator claimed monetary damages as compensation for the pain and suffering endured by his children prior to their death, and plaintiffs Ralph Foote and Marie Annette Foote, individually, claimed damages by reason of the loss of future earnings of the children and for expenses incurred in connection with their hospitalization, medical care, funeral, and burial.

This action was instituted by the plaintiffs in pursuance of 28 U.S.C.A. § 1346 (b), which gives Federal district courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. On Decem-

ber 14, 1951, the defendant, appearing specially, filed motion to dismiss the complaint on the ground that the action is barred by 28 U.S.C.A. § 2401(b), as amended April 25, 1949, which provides in part:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim *accrues* or within one year after the date of enactment of this amendatory sentence, whichever is later".

The first question is whether this defense of the statute of limitations may be raised by a motion to dismiss before the defendant answers, or whether it must be raised as an affirmative defense in its answer. Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense."

Rule 12(b) provides in part:

"Every defense, in law or fact, to a claim for relief in any pleading * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted".

The present suit is a civil action on a tort claim against the United States, and the law has long been established that such suits may be maintained only in the manner and subject to the restrictions prescribed in the Act of Congress permitting the suit. Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633; Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313; Keil v. United States, D. C., 65 F.Supp. 431, 432. The provision of 28 U.S.C.A. § 2401(b) that a tort claim against the United States shall be forever barred unless action is begun within two years after the claim accrues, is not merely a procedural requirement but limits the substantive rights created by the Federal

Tort Claims Act. In granting a motion to dismiss a tort-claim action against the United States on the ground that it was not begun within the period of limitation, the court held in Sikes v. United States, D.C., 8 F.R.D. 34, that the statutory requirement that the suit be commenced within the prescribed period was a limitation upon the substantive rights created, and a condition precedent to the existence of the cause of action. See also Berry v. Heller, D.C., 79 F.Supp. 476. Furthermore, the law is established in this judicial circuit that when the allegations of the complaint show that a suit has not been brought within the statutory period, the defense of the statute of limitations may be raised under Rule 12(b)(6) by motion to dismiss, on the ground that the complaint fails to state a claim upon which relief can be granted. See ·Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002; A. G. Reeves Steel Const. Co. v. Weiss, 6 ·Cir., 119 F.2d 472. Therefore, the court concludes that in the present case the defendant may raise the defense of the statute of limitations by motion to dismiss.

■ In their brief plaintiffs concede, and the court concludes, that the present action by Ralph Foote and Marie Annette Foote, individually, is barred by the two-year statute of limitations relating to tort claims against the United States. That leaves only the question as to whether the action by Ralph Foote as administrator of the estates of his children is timely brought. The plaintiff administrator contends that the period of limitation within which the present action could be begun should be determined by the law of Michigan rather than by the Federal law, and that under the law of that State an administrator may bring a tort action at any time within two years after letters of administration are granted, Comp.Laws Mich.1948, § 609.18, and that under the so-called Michigan Wrongful Death Act, Comp.Laws Mich.1948, §§ 691.581, 691.582, which creates a new cause of action in the personal representative of a decedent, Cugell v. Sani-Wash Laundry Co., 280 Mich. 286, 273 N.W. 571, the claim or cause of action does not accrue until the administrator is appointed.

■ Under 28 U.S.C.A. § 1346(b), which gives the Federal district courts jurisdiction of civil actions on tort claims against the United States, the standards and tests of local State law are applicable in determining whether an actionable negligent or wrongful act has been committed, and the nature and extent of the recovery permitted. However, by this enactment Congress was creating a liability on the government not theretofore existing, and by the enactment of § 2401(b) it placed a limitation on the substantive rights created, by providing a time limit upon the right to begin an action on a tort claim. The precise question presented in the instant case was considered by the court in the recent decision in United States v. Westfall, 9 Cir., 197 F.2d 765, 766. In that case the court held that in an action against the United States under the Federal Tort Claims Act the time within which the suit could be commenced should be determined by the limitation provisions. of that act and not by the State statute of limitations. The court said: "The Tort Claims Act * * * prescribes its own limitation." In Wolf Sales Co. v. Rudolph Wurlitzer Co., D.C., 105 F.Supp. 506, at page 509 (decided June 25, 1952), the court said: "Local periods of limitation control actions under federal law *only* if and where Congress has failed to provide its own statutory limitation."

The question was also considered by the court in State of Maryland, to Use of Burkhardt, v. United States, 4 Cir., 165 F.2d 869, 1 A.L.R.2d 213. That was an action for wrongful death instituted under the Federal Tort Claims Act, which at that time provided a limitation of one year, and in holding that the Federal statute and not the State law determined the limitation of time for beginning the action, the court said, 165 F.2d at pages 871 and 873:

"If the reason and spirit of the statute be considered, there is even less reason to think that it could have been intended to adopt state statutes of limitations as a bar to recovery. Congress

was creating a liability not theretofore existing on the part of the government. To have defined all of the tort rules under which liability could be established would have been an almost impossible undertaking; but standards of liability were necessary and Congress was compelled, as a practical matter, to adopt the principles and standards of local law in defining them. The matter of limitations, however, was a simple one which Congress could easily determine for itself; and the fact that the one year limitation was prescribed in the act and was to run from the enactment of the statute if that was later than the accrual of the cause of action, so that the plaintiff should have at least a year to sue, is inconsistent with any idea that the period was to be shortened because a shorter period was provided by state law. * * *

"In any case, however, the limitation applicable to the action for death by wrongful act is recognized as a limitation upon the right to sue; and there is no reason to think that Congress did not intend that the limitations prescribed in the Tort Claims Act itself should be observed rather than such limitations of state law. In other words, even though the limitation be regarded as a condition upon the exercise of the right, the wrongful death statute does two things: (1) it creates a cause of action for wrongful death and (2) it provides a time limitation upon the right to assert that cause of action. We think it a reasonable and necessary interpretation of the Tort Claims Act that the law of the State is to be followed with respect to the cause of action created but not with respect to the time limitation for suit upon it, since the act itself prescribes its own time limitation."

See also Jefferson v. United States, D.C., 77 F.Supp. 706; Kohn v. United States, D.C., 75 F.Supp. 689; Sweet v. United States, D.C., 71 F.Supp. 863.

■ The court concludes that the time within which the present tort action could be commenced should be determined under the Federal statute of limitations relating to tort claims against the United States, rather than under the State law of Michigan.

■ The Federal statute, § 2401(b) hereinbefore quoted, provides that a tort claim against the United States shall be forever barred unless action is begun within two years after the claim "accrues." The plaintiff administrator further contends that the claims for the death of his children did not *accrue* at the time of their death on February 15, 1949, but accrued upon his appointment as administrator of their estates on July 21, 1950, and that the present action was timely brought within two years after his appointment. So far as the court can ascertain, this word "accrues" in the Tort Claims Act has not been construed, but substantially similar language in other congressional enactments has been construed. In Reading Company v. Koons, Administrator, 271 U.S. 58, 46 S.Ct. 405, 406, 70 L.Ed. 835, the Supreme Court considered a limitation provision of the Federal Employers' Liability Act, 45 U.S.C.A., § 51 et seq., reading as follows: "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." The court held that the cause of action "accrued" on the date of the decedent's death rather than on the date of appointment of an administrator of his estate. In construing similar language in the Suits in Admiralty Act, 46 U.S.C.A., § 741 et seq., the court in Piascik v. United States, D.C., 65 F.Supp. 430, likewise held that the cause of action accrued upon the decedent's death rather than upon the date of the appointment of an administrator of his estate. See also 16 Am.Jur. p. 113, § 167. When the Congress used substantially the same language in the Tort Claims Act as that used in the Employers' Liability Act and the Suits in Admiralty Act, it must be assumed, in the absence of any evidence of a contrary intention, that it intended the word "accrues" to be interpreted by the courts in the same manner as they had interpreted it in other enactments. It seems clear that the Congress intended the period of limi-

tation provided in § 2401(b) to run from the definitely ascertainable date of death rather than from some indefinite date when an administrator might be appointed. To hold with plaintiff's contention on this point would, in effect, permit the circumvention by State law of the two-year limitation provided in this section. Furthermore, under the plaintiff's contention the running of the Federal statute of limitations could be delayed indefinitely by delaying the appointment of an administrator of a decedent's estate. The court concludes that in the present case the tort claim or cause of action asserted by the plaintiff administrator *accrued* upon the death of the two children on February 15, 1949, and that the Federal statute of limitation of two years within which the administrator could begin suit ran from that date.

The plaintiff administrator next contends that as his children were minors, they were under a disability and that under 28 U.S. C.A. § 2401(a) the present action could be brought within three years after their disability was removed. That section provides:

"(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases."

Section 2401(a) just quoted relating to persons under legal disability or beyond the seas, and § 2401(b) providing a two-year limitation for the beginning of tort actions against the United States, are both revisions of former statutes. Section 2401(a) is a revision of 28 U.S.C., 1946 ed., § 41(20), and § 2401(b) as amended in 1949 is a revision in part of the Tort Claims Act enacted in 1946, 28 U.S.C. § 921 et seq., which provided in § 942 for a one-year limitation upon tort actions against the United States. It can hardly be contended that the disability provision originally found in § 41(20) was intended to apply to or have any relation whatever to the widely separated legislative enactment of the stat-

ute of limitations in the original Tort Claims Act, § 942. The legislative history of the 1948 revision of Title 28, U.S.Code, does not in any way indicate that the provisions of § 2401(a) relative to persons under disability was to apply to the limitation provision relative to tort actions in § 2401(b). See 28 U.S.Code, Congressional Service, Reviser's Notes, pp. 1914, 2023. In 1949 § 2401(b) was amended to provide for a two-year period of limitation for tort actions against the United States, and again there is no indication that it was intended that the tolling provision of § 2401(a) should apply to § 2401(b). In granting the defendant's motion to dismiss an action brought under the Federal Tort Claims Act, the court stated in Whalen v. United States, E.D.Pa., 107 F.Supp. 112, as follows:

"The government has filed a motion to dismiss on the grounds that the action is barred by the two-year statute of limitation set forth in 28 U.S. C.A. § 2401(b), as amended by Act of April 25, 1949 * * *. This subsection, prior to the amendatory act of April 25, 1949, simplified and restated section 420 of the Federal Tort Claims Act, 60 Stat. 845, 28 U.S.C. (1946 Ed.) § 942, without change of substance.

"To defeat the government's motion, the minor plaintiff's guardian relies on 28 U.S.C.A. § 2401(a) * * *.

"The above subsection formerly appeared as part of § 24(20) of the old Judicial Code, as amended, 28 U.S.C. (1940 Ed.) § 41(20). It was part of our law long before the Federal Tort Claims Act came into existence. It was therefore independent of the latter Act. Merely because the subsections [(a) and (b)] now appear under the same heading in the United States Code of 1948, as amended, it does not mean that the first subsection is to control the following one. Subsection (a) has no legal effect on actions controlled by subsection (b) of Sec. 2401."

For the reasons stated the court holds that the provisions of § 2401(a) relative to persons under disability is not

applicable to § 2401(b), which provides for a two-year limitation for the beginning of an action on a tort claim against the United States.

Furthermore, the "legal disability" provision in § 2401(a) is not applicable in the present case, because that provision clearly relates only to disability of living persons.

In summary the court concludes: (1) That in the present case the defendant may raise the defense of the Federal statute of limitations by motion to dismiss; (2) that the time within which the present tort-claim action against the public housing commissioner of the United States could be commenced is to be determined under the Federal statute of limitations relating to tort claims against the United States, 28 U.S.C.A. § 2401(b) as amended April 25, 1949, and not under the State law of Michigan; (3) that the tort claims asserted in the present action by the plaintiff administrator and by the individual plaintiffs *accrued* upon the death of their children on February 15, 1949; and (4) that as this action was not begun until October 17, 1951, which was more than two years after the claims accrued, the claims are forever barred by 28 U.S.C.A. § 2401(b), as amended.

The defendant's motion to dismiss is granted and an order will be entered accordingly. No costs are allowed.