**Helen Jenkins KINGTON, widow of Joe D. Kington, Jr., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 17949.**

United States Court of Appeals
Sixth Circuit.

June 11, 1968.

H. Calvin Walter, Knoxville, Tenn., Walter, Gilbertson & Claiborne, Knoxville, Tenn., of counsel, for plaintiff-appellant.

John C. Eldridge, Department of Justice, Washington, D. C., Carl Eardley, Acting Asst. Atty. Gen., Jack H. Weiner, Attorney, Department of Justice, Washington, D. C., J. H. Reddy, U. S. Atty., Knoxville, Tenn., on brief, for defendant-appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

The sole question in this appeal is whether an action for wrongful death under the Federal Tort Claims Act "accrues" upon the date of death so as to be barred unless commenced within the two-year period of limitation provided in 28 U.S.C. § 2401(b) in effect at that time. It is the claim of the plaintiff that the statute does not commence to run until the cause of death is known.

Plaintiff alleged in her complaint that her husband, during the years 1946 and 1947 while working in a federally-owned facility at Los Alamos, New Mexico, was subjected to Beryllium which subsequently caused his death on July 6, 1964; that the cause of his death was not discovered until September 1, 1964. She filed the present action for wrongful death in the United States District Court for the Eastern District of Tennessee on August 29, 1966, which was more than two years after date of death.

Her capacity to sue is determined by the law of her domicile which is Tennessee. Rule 17(b) Fed.R.Civ.P. The Tennessee statute provides such authority. T.C.A. Sec. 20–608.

The District Court granted the government's motion for summary judgment on the ground that the action for wrongful death accrued upon the date of death and was, therefore, barred by the two-year period of limitation contained in the Federal Tort Claims Act, 265 F. Supp. 699 (1967).

The Act provides: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." 28 U.S.C. § 2401(b). The legislative history of the Act indicates that Congress intended to provide a uniform time limitation in which to bring actions for tort claims rather than the varying periods of state statutes which otherwise would be applicable. The House Committee considered the state statutes of limitation of from one to six years and proposed that the existing one-year limitation in the Act be increased to two years so that it would not be unfair to claimants. H.R. No. 276, 81 Cong., 1st Sess. pp. 3–4 (1949).

In Foote v. Public Housing Comm'r of United States, 107 F.Supp. 270, 274– 275 (W.D.Mich.1952), the Court said:

"It seems clear that the Congress intended the period of limitation provided in § 2401(b) to run from the definitely ascertainable date of death rather than from some indefinite date when an administrator might be appointed."

Plaintiff admits in her complaint that she did learn of the cause of her husband's death within less than two months, namely, on September 1, 1964. Under the Act, she had until July 6, 1966, or about twenty-two months, to bring action which was at least a reasonable length of time. She alleges in her complaint that she did bring action in July, 1965, in the First Judicial District Court, Los Alamos, New Mexico, which was within the two-year period. The action was dismissed without prejudice. In its brief filed in the District Court, the government alleged that the action in the state court was against the Regents of the University of California, the employer of the decedent, and was for workmen's compensation benefits, and is still pending; that plaintiff, on July 2, 1965, filed an action for wrongful death under the Federal Tort Claims Act in the United States District Court for the District of New Mexico. This action was also filed within the two-year period. On January 3, 1966, a voluntary non-suit of the action was taken without prejudice. No reason is given why she voluntarily dismissed her action in the District Court of New Mexico.

■ It is conceded that the filing of the prior actions in state and federal courts, which were voluntarily dismissed, did not toll the two-year period of limitations in the Act. "An action dismissed without prejudice leaves the situation the same as if the suit had never been brought." Bomer v. Ribicoff, 304 F.2d 427, 428 (6th Cir. 1962); Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959); Jones v. United States, 126 F. Supp. 10 (D.D.C.1954).

The wrongful death statutes of Tennessee and New Mexico are survival statutes, 4 T.C.A. § 20–607; 5 N.M.S.A. 22– 20–1. In Tennessee, the cause of action accrues upon the date of injury even though it results in death. Action must be brought within one year from date of injury. T.C.A. § 28–304; Davidson Ben-

edict Co. v. Severson, 109 Tenn. 572, 72 S.W. 967 (1902).

In New Mexico, the period of limitation is three years from the date of injury, not the date of its discovery, 5 N.M. S.A. § 22–20–2. Roybal v. White, 72 N.M. 285, 383 P.2d 250 (1963); Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149 (1961); Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274 (1951).

Thus in Tennessee, as well as New Mexico, the cause of action was barred before decedent's death and did not survive him. Under the Act, the United States shall be liable "relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *." 28 U.S.C. § 2674. In this case a private person would not have been liable because the action was barred before death occurred. Where, however, the period of limitation is shorter under state law than federal law, the federal courts have applied the longer federal period even though the wrongful death claim had already been barred by state law. Young v. United States, 87 U.S.App.D.C. 145, 184 F.2d 587 (1950); State ex rel. Burkhardt v. United States, 165 F.2d 869, 871 (4th Cir. 1947). These rulings would seem to be valid only if the Federal Tort Claims Act is interpreted as creating a cause of action for wrongful death independent of state law.

Appellant argues strenuously that the period of limitation in the Act should not begin to run until the injury is discovered.[1] She relies on decisions in personal injury actions involving malpractice and occupational disease which held that the statute of limitations does not begin to run until plaintiff has discovered or, in the exercise of reasonable diligence, should have discovered the negligent or wrongful acts. Brown v. United States, 353 F.2d 578 (9th Cir. 1965); Beech v.

United States, 345 F.2d 872 (5th Cir. 1965); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); United States v. Reid, 251 F.2d 691 (5th Cir. 1958). Stated another way, the cause of action accrues "when plaintiff has reason to know he has been injured", Young v. Clinchfield Railroad Co., 288 F.2d 499, 503 (4th Cir. 1961), or "when the accumulated effects of the deleterious substance manifest themselves." Brush Beryllium Co. v. Meckley, 284 F.2d 797, 800 (6th Cir. 1960). See also Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

It will be noted that all of the cases relied upon by appellant involve actions for personal injuries in which the plaintiff either did not know, or had no reason to believe, that he had sustained an injury. Appellant has not cited a single case involving wrongful death which supports her position. Our research has disclosed no such cases.

Traditionally an action for wrongful death accrues upon the date of death. 22 Am.Jur.2d, Death, § 40.

The time when the statute of limitations begins to run is determined by federal law. Kossick v. United States, 330 F.2d 933, 7 A.L.R.3d 726 (2nd Cir. 1964); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); Quinton v. United States, 304 F.2d 234 (5th Cir. 1962); Mahoney v. United States, 216 F.Supp. 523 (E.D.Tenn.1962); Foote v. Public Housing Comm'r of United States, 107 F.Supp. 270 (W.D.Mich.1952). But see Tessier v. United States, 269 F.2d 305 (1st Cir. 1949).

Actions for wrongful death under the Federal Employers' Liability Act accrue at the time of death. Baltimore & Ohio Southwestern Ry. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566 (1930); Renaldi v. New York, New Haven &

---

1. No evidence was taken on this subject in the District Court. Plaintiff admits the discovery was made on the date of the autopsy, September 1, 1964. In its motion filed in the District Court on

January 25, 1967, the government states: " * * * [D]eceased was apparently treated from approximately 1950 to his death on July 6, 1964".

Hartford R.R. Co., 230 F.2d 841, 59 A. L.R.2d 1371 (2nd Cir. 1956).

The cause of death is generally known at the time of death or shortly thereafter. The attending physician is required to sign a death certificate indicating the cause of death. T.C.A. § 53–439. If the cause is not known, it can be ascertained readily by an autopsy.

In the present case, assuming as we must that the cause of death was unknown at the time of death, it was definitely ascertained in less than two months by the autopsy.

Plaintiff then had at least twenty-two months in which to bring her action. It can hardly be claimed that this time was unreasonable or inadequate.

We are of the opinion that under the Act, the claim for wrongful death accrues upon the date of death.

Affirmed.

EDWARDS, Circuit Judge (dissenting).

Respectfully, I dissent.

This case presents the single question of whether or not the two-year limitation of time for filing claims under the Federal Tort Claims Act, 28 U.S.C. § 2401 (b), bars plaintiff's claim for the asserted negligent death of her husband. The District Court dismissed her claim on motion because it was not filed in time. Her suit was filed more than two years after her husband's death, but within two years of the autopsy which first advised her of the fact that he died from berylliosis.

Beryllium is a dangerous element employed in automic energy production. Appellant claims that her husband was exposed to this element while he worked for the University of California at a government-owned plant at Los Alamos, New Mexico, in 1946 and 1947 and that she had no way of knowing of the existence of a Federal Tort Claims action until she received the autopsy report.

My colleagues properly point out that thereafter under the facts of this case she still had 22 months of the two-year period of limitations to run and that she reasonably could have filed the instant action within that time.

The difficulty I have with this reasoning is that if, because this plaintiff had 22 months remaining, we adopt the rule that the cause of action "accrues" at death, regardless of whether or not appellant could then have known of the existence of the cause of action, we commit this circuit to a rule which is bound to have totally unreasonable results in other cases where the cause of death is not so promptly discovered.

The extensive nature of the United States Government's participation in atomic energy work suggests that we approach such possibilities with caution as other circuits are doing.

I agree with the opinion of the court in holding that under normal circumstances where the parties have knowledge of the existence of the cause of action, the word "accrues" as used in the Tort Claims Act should refer to the event (here, the death) which gives rise to the cause of action.

However, there is a class of cases involving both illness and death where the claimant does not, and in the exercise of normal diligence could not, know of the existence of the cause of action. In such instances, compliance with a statutory time limitation may be imposssible. The courts generally seek to avoid a harsh result which cannot be construed as arising from any fault on the part of the plaintiff. In such instances the claim is said not to "accrue" until the element of knowledge, absence of which prevents the filing of the complaint, has been supplied.

Thus in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), dealing with a three-year limitation in the Federal Employers' Liability Act, the Supreme Court said:

"In our view, however, neither of the outlined constructions of the statute of limitations can be sustained. For, if we assume that Congress intended to include occupational diseases

in the category of injuries compensable under the Federal Employers' Liability and Boiler Inspection Acts, such mechanical analysis of the 'accrual' of petitioner's injury—whether breath by breath, or at one unrecorded moment in the progress of the disease—can only serve to thwart the congressional purpose.

"If Urie were held barred from prosecuting this action because he must be said, as a matter of law, to have contracted silicosis prior to November 25, 1938, it would be clear that the federal legislation afforded Urie only a delusive remedy. It would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, Urie was charged with knowledge of the slow and tragic disintegration of his lungs; under this view Urie's failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate date of discovery and disability.

\*    \*    \*    \*    \*    \*

"We do not think the humane legislative plan intended such consequences to attach to blameless ignorance. Nor do we think those consequences can be reconciled with the traditional purposes of statutes of limitations, which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights." Urie v. Thompson, 337 U.S. 163, 169, 170, 69 S.Ct. 1018, 1024–1025 (1949).

For purposes of this appeal we must assume that appellant did file her claim within the "specified period of time after notice of the invasion of [her] legal rights." [1]

In general accord with this principle of the Urie case, and relying on it are Brush Beryllium Co. v. Meckley, 284 F.2d 797 (6th Cir. 1960); Young v. Clinchfield Railroad Co., 288 F.2d 499 (4th Cir. 1961); Kossick v. United States, 330 F.2d 933, 7 A.L.R.3d 726 (2nd Cir.), cert. denied 379 U.S. 837, 85 S.Ct. 73, 13 L.Ed.2d 44 (1964); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); Quinton v. United States, 304 F.2d 234 (5th Cir. 1962).

In the last three cases cited, the Fifth, Ninth and Second Circuits have applied the reasoning of Urie (quoted above) to the Federal Tort Claims Act limitation in 28 U.S.C. § 2401(b)—the identical section which we construe here.

I would reverse and remand for trial.

---

[1]. In this regard we rely upon the language of appellant's complaint which, of course, the government had to accept for purposes of its motion to dismiss.