**Rufus A. GARRETT, Administrator of the Estate of Ronald Keith Garrett, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 79–1355.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1980.

Decided Feb. 5, 1981.

Charles S. Anderson, James D. O'Connell, Highland Park, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Pamela J. Thompson, Patricia Reeves, Asst. U. S. Attys., Detroit, Mich., for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This appeal presents the question of when the statute of limitations under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), begins to run.[1]  Senior District Judge Thomas P. Thornton found that appellant failed to file an administrative claim within the statutory period, measured from the date of the death of appellant's decedent, and dismissed the complaint.  We affirm.

Appellant's decedent died on May 5, 1976, while he was an inmate of the Federal Correctional Institution, Leavenworth, Kansas.  On February 22, 1978, counsel for appellant filed in the U. S. District Court for the Eastern District of Michigan a complaint alleging the wrongful death of the decedent due to the tortuous conduct of employees of the Bureau of Prisons in administering medical treatment.  The Assistant United States Attorney assigned to the case reminded appellant's counsel that he had not filed an administrative claim as required by 28 U.S.C. § 2675(a).

On April 13, 1978, an Assistant Regional Counsel of the Bureau of Prisons forwarded to counsel for appellant three Standard

---

1.  28 U.S.C. § 2401(b):

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Form 95's, the appropriate forms for filing an administrative claim under the Federal Tort Claims Act. Appellant's counsel was advised "if you wish to file a claim under the Federal Tort Claims Act please complete the enclosed SF–95's, and return the original and one copy to this office in the enclosed, self addressed envelope."

On June 6, 1978, counsel for appellant filed an administrative claim using the Standard Form 95. On July 20, 1978, a letter was mailed to appellant's counsel by the Regional Director of Bureau of Prisons, denying the claim because that "claim . . . dated June 6, 1978 which is more than two years after the death of Ronald Keith Garrett . . . is time barred by Section 2401(b) of Title 28, United States Code." The first complaint filed by appellant thereupon was dismissed voluntarily.

On July 25, 1978, counsel for appellant filed a second complaint, again charging wrongful death due to the negligence of Government personnel. The District Court dismissed the complaint as barred by the statute of limitations, since appellant had failed to file an administrative claim as required by 28 U.S.C. § 2675(a) within the two year statutory period. From this dismissal appellant appeals.

Appellant contends that the two year statute of limitations in 28 U.S.C. § 2401(b) should be measured from the date the Bureau of Prisons released the autopsy report of the decedent. Appellant further asserts that the complaint filed by him on February 22, 1978, tolled the running of the two year statute of limitations. We agree with the district court that these contentions are without merit.

■ The United States as sovereign is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 408 (1941). A corollary to this doctrine of governmental immunity is that, when the United States consents to be sued, Congress may define the conditions under which suits will be permitted. *Kendall v. United States*, 107 U.S. 123, 125, 2 S.Ct. 277, 27 L.Ed. 437 (1882). The requirement in 28 U.S.

§ 2675(a) that an administrative claim be filed as a prerequisite to filing a civil action under the Federal Tort Claims Act and the two year statute of limitations prescribed by 28 U.S.C. § 2401(b) are valid conditions under which suits may be maintained under the statute. These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel. *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974). *See also Executive Jet Aviation v. United States*, 409 U.S. 249 (1972).

■ Appellant's contention that the statute of limitations did not begin to run until the autopsy report was released is contrary to the decisions in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); and *Kington v. United States*, 396 F.2d 9, 12 (6th Cir.), *cert. denied*, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968).

■ The contention of appellant that the complaint which he filed on February 22, 1977, tolled the statute of limitations in 28 U.S.C. § 2401(b) likewise is contrary to this Circuit's holding in *Kington, supra*.

It is conceded that the filing of the prior actions in state and federal courts, which were voluntarily dismissed, did not toll the two-year period of limitations in the Act. "An action dismissed without prejudice leaves the situation the same as if the suit had never been brought." 396 F.2d at 10.

*See also Shelton v. United States*, 615 F.2d 713 (6th Cir. 1980).

Affirmed. No costs are taxed. The parties will bear their own costs on this appeal.