798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph P. TATONETTI, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 85-3456.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1986.
 
 1
 Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO, District Judge*.
 
 ORDER
 
 2
 This plaintiff appeals from a district court judgment dismissing with prejudice his second suit filed under the Federal Tort Claims Act. Plaintiff's first suit filed under this Act was dismissed without prejudice due to the plaintiff's failure to serve the United States with proper service of process within 120 days after the commencement of his suit as required by Rule 4(j), Federal Rules of Civil Procedure. Plaintiff's second suit which was filed on January 5, 1985, was dismissed with prejudice because the plaintiff failed to comply with the jurisdictional prerequisite that he file his suit within six months after his administrative claim was denied, which in this case occurred on October 25, 1983.
 
 
 3
 Upon review of the cause, this Court concludes that plaintiff's suit under review in this appeal was properly dismissed for the reasons given by the district court. A suit is properly dismissed without prejudice for failure to perfect proper service of process within 120 days of the commencement of the suit as required by Rule 4(j), Federal Rules of Civil Procedure, absent an extension of time to do so upon a showing of good cause. Norlock v. City of Garland, 768 F.2d 654 (5th Cir.1985); United States for Use and Benefit of DeLoss v. Kenner General, 764 F.2d 707 (9th Cir.1985). Dismissal is prozer even if the action would be time-barred especially if plaintiff is warned, as was plaintiff in this case, that service was improper before the expiration of the 120-day time limit. United States for Use and Benefit of DeLoss v. Kenner General, supra. In the absence of a statute to the contrary, an action dismissed without prejudice is treated as if it had never been filed, and the statute of limitations is not tolled in the meantime. Curtis v. United Transp. Union, 648 F.2d 492 (8th Cir.1901); Garrett v. United States, 640 F.2d 24 (6th Cir.1981) (per curiam); Hall v. Kroger Baking Company, 520 F.2d 1204 (6th Cir.1975) (per curiam); Kington v. United States, 396 F.2d 9 (6th Cir.), cert. denied, 393 U.S. 960 (1968); see also Dupree v. Jefferson, 666 F.2d 606 (D.C.Cir.1981).
 
 
 4
 Other equitable principles of tolling also do not apply to this case because the six month time limit contained in 28 U.S.C. Sec. 2401(b) is a jurisdictional prerequisite which is not subject to tolling, waiver or estoppel. Gibson v. United States, 781 F.2d 1334 (9th Cir.1926); Dyniewicz v. United States, 742 F.2d 484 (9th Cir.1984); see also Reynolds v. United States, 748 F.2d 291 (5th Cir.1984) (time limits waving governmental immunity are jurisdictional in nature and are to be strictly construed in favor of the government); Garrett v. United States, supra (two year time limit in Sec. 2401(b) is jurisdictional and not subject to waiver or estoppel).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation