RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0247P (6th Cir.)
File Name: 04a0247p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JENNIE E. CHOMIC, Personal
Representative of the Estate
of James J. Gorjup, Deceased,
*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,
*Defendants-Appellees.*

No. 03-1174

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 02-00112—Robert Holmes Bell, Chief District Judge.

Argued: April 20, 2004

Decided and Filed: July 28, 2004

Before: RYAN, DAUGHTREY, and CLAY, Circuit
Judges.

1

_____

## COUNSEL

**ARGUED:** Robert F. James, OLSMAN, MUELLER &
JAMES, Berkley, Michigan, for Appellant. J. Joseph Rossi,
UNITED STATES ATTORNEY, Grand Rapids, Michigan,
for Appellees. **ON BRIEF:** Robert F. James, OLSMAN,
MUELLER & JAMES, Berkley, Michigan, for Appellant.
Ronald M. Stella, UNITED STATES ATTORNEY, Grand
Rapids, Michigan, for Appellees.

_____

## OPINION

_____

RYAN, Circuit Judge. Jennie E. Chomic, the Personal
Representative of the Estate of James Gorjup, brought suit
against the United States under the Federal Tort Claims Act
(FTCA), based on the events leading up to Gorjup's death.
Although Chomic named the Department of Veterans Affairs
as a defendant, a federal agency cannot be sued under the
FTCA. Chomic's exclusive remedy is an action against the
United States. *See* 28 U.S.C. § 2679(a) and (b)(1).

Chomic appeals from two orders the district court entered,
which disposed of all of her claims. The first granted the
defendants' Motion for Reconsideration and granted, in part,
the defendants' Motion to Dismiss. The second granted the
defendants' Motion for Summary Judgment and dismissed the
plaintiff's claim in its entirety. At issue in this appeal is
whether the statute of limitations found in the FTCA bars the
plaintiff's suit. We hold that it does and therefore we shall
affirm the judgment of the district court.

## I.

This case is significant in that it presents this court with the
opportunity to address for the first time the issue of when a

claim for wrongful death accrues for purposes of the FTCA where both an injury and its cause are known prior to death and where state law provides a derivative, rather than an independent, cause of action for wrongful death.

The facts are not in dispute insofar as this appeal is concerned. That is, taking the facts as alleged by the plaintiff, the government argues that the plaintiff's suit was properly dismissed because she failed to file an administrative claim within the two-year statute of limitations period applicable to claims brought under the FTCA.

On October 21, 1998, while Gorjup was a resident at the Department of Veteran Affairs Medical Center in Michigan, he fell and suffered a hip fracture. Chomic alleges that the fall was the result of the negligence and/or medical malpractice of the government's agents. The plaintiff further alleges that the injuries arising from this fall were a proximate cause of Gorjup's death on November 23, 1998.

The district court pointed out that "Mr. Gorjup had been declared legally incapacitated by reason of mental illness prior to his fall on October 21, 1998." Chomic was appointed as Gorjup's full guardian on May 8, 1997, and on May 11, 1999, Gorjup having died, Chomic was appointed as the Personal Representative of Gorjup's estate.

The district court noted that Chomic "made a formal administrative claim against the United States on behalf of [Gorjup] on November 17, 2000. The claim was filed within two years of Mr. Gorjup's death, but not within two years of the injuries he suffered on October 21, 1998." The Department of Veterans Affairs denied the claim. On February 19, 2002, Chomic filed suit against the United States under the FTCA, seeking damages under Michigan's Wrongful Death Act.

The government filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or (6) "on the grounds that this action

[was] barred by the two-year statute of limitations in 28 U.S.C. § 2401(b)." The United States District Court for the Western District of Michigan initially denied this motion, but after the government moved for reconsideration, the court vacated its earlier "opinion and order" and granted, in part, the government's motion to dismiss. The court stated that it was granting "[t]he government's motion to dismiss . . . to the extent the government seeks a ruling that the cause of action accrued on [the date of Gorjup's injury]." The court denied the government's motion to the extent it sought dismissal of the plaintiff's FTCA claim because "[t]he question of equitable tolling . . . raises factual issues that have not been fully presented to this Court."

The government then filed a Motion for Summary Judgment based on 1) the plaintiff's failure to file an administrative claim within the statute of limitations period and 2) the lack of a basis for equitable tolling. The district court granted this motion on December 31, 2002, and dismissed Chomic's claim in its entirety. Chomic appealed.

## II.

We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Montgomery v. Huntington Bank*, 346 F.3d 693, 697-98 (6th Cir. 2003). Likewise, we review *de novo* a district court's decision to grant summary judgment based on a purely legal question. *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002).

## III.

### A.

Chomic argues that the district court erroneously concluded that the plaintiff's cause of action accrued on the date of Gorjup's injury, rather than on the date of his death. She relies on this court's holding in *Kington v. United States*, 396

F.2d 9 (6th Cir. 1968), to argue that "under the FTCA, 'the claim for wrongful death accrues upon the date of death.'" Chomic asks this court to disregard the nature of a state's cause of action for wrongful death and hold unequivocally "that the date of accrual for wrongful death actions brought under the FTCA is the date of death." We decline to do so.

The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1994). In other words, "[t]he Act waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances." *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) (internal quotation marks and citation omitted). Nevertheless, the FTCA provides, in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim *accrues* . . . .

28 U.S.C. § 2401(b) (emphasis added).

The Supreme Court explained that this limiting provision

> is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. . . .
>
> We should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended. . . . Neither, however, should we assume the authority to narrow the waiver that Congress intended.

*United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) (internal citations omitted). The Supreme Court noted, however, that legislative history is silent as to "when a tort claim 'accrues' within the meaning of 28 U.S.C. § 2401(b)." *Id.* at 119 n.6.

In actions based on negligence or medical malpractice, the Supreme Court has held that federal law controls as to when a claim accrues under the FTCA. *Id.* at 123. In *Kubrick*, the issue before the Supreme Court was "whether [a tort claim against the United States] 'accrues' within the meaning of the [FTCA] when the plaintiff knows both the existence and the cause of his injury or at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice." *Id.* at 113. The plaintiff in that case filed suit under the FTCA "alleging that he had been injured by negligent treatment in [a] VA hospital." *Id.* at 115. The dispute in that case was whether, for purposes of the FTCA, Kubrick's claim accrued in 1969 when he "was aware of his injury and its probable cause," or in 1971, when he learned that the treatment causing his injury constituted medical malpractice. *Id.* at 118. The Court held that a negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice. *Id.* at 121-23. The Court reasoned:

> A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

*Id.* at 123.

It is also generally accepted that federal law controls when a wrongful death claim accrues under the FTCA. *See, e.g., Johnston v. United States*, 85 F.3d 217, 222 (5th Cir. 1996); *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991); *Fisk v. United States*, 657 F.2d 167, 170 (7th Cir. 1981); *Kington*, 396 F.2d at 11. Thus, the question we must answer is when, as a matter of *federal* law, a claim for wrongful death accrues for purposes of § 2401(b) where both an injury and its cause are known prior to death and where *state* law provides a derivative, rather than an independent, cause of action for wrongful death. We have not previously addressed this question.

In *Kington*, the issue before this court was whether an action, brought under the FTCA for the "wrongful death" of the plaintiff's decedent, "accrued" upon the date of death or at some later date when the plaintiff learned of the cause of death. *Id.* at 9-10. The *Kington* court rejected the plaintiff's argument that a discovery rule, similar to the rule the Supreme Court would adopt in *Kubrick*, should apply, stating that it could find no case in which the discovery rule had been applied to a wrongful death claim. *Id.* at 11. After noting that federal law determines "when the statute of limitations begins to run," *id.*, the *Kington* court concluded that under the FTCA, "the claim for wrongful death accrues upon the date of death," *id.* at 12. In a *per curiam* opinion in *Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981), we again held that an action for wrongful death, brought under the FTCA, "accrues" upon the date of death, and not at some later date when the plaintiff learns of the cause of death. *Id.* at 26.

In neither of these cases did we consider whether, for purposes of § 2401(b), a claim for wrongful death can accrue before death where both an injury and its cause are known before death and where state law provides a derivative, rather than an independent, cause of action for wrongful death. Although the *Kington* court stated that it "seem[s]" that the FTCA creates "a cause of action for wrongful death independent of state law," *Kington*, 396 F.2d at 11, that

statement is *dicta* and is in direct conflict with controlling Supreme Court precedent. In *Feres v. United States*, 340 U.S. 135 (1950), the Court explicitly stated that the FTCA did not create "new causes of action but [merely provided for the] acceptance of liability under circumstances that would bring private liability into existence." *Id.* at 141. As noted by the Fourth Circuit, "[s]tate law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued." *Miller*, 932 F.2d at 303.

Thus, we must look to Michigan law to determine the underlying cause of action in this case. Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922 (2000), "clearly provides not that death creates a cause of action, but that death does not extinguish an otherwise valid cause of action." *Hardy v. Maxheimer*, 416 N.W.2d 299, 307 n.17 (Mich. 1987). The Michigan Supreme Court has rejected the argument that the focus of the act is on death itself. *Id.* Instead, the proper focus is on the underlying wrong which caused the death. *Id.* Michigan law is also clear that the cause of action recognized in the Wrongful Death Act "is a derivative one whereby the personal representative of the deceased stands in the latter's shoes." *Xu v. Gay*, 668 N.W.2d 166, 174 (Mich. Ct. App. 2003). Thus, "[t]he mere fact that [Michigan's] legislative scheme requires that suits for tortious conduct resulting in death be filtered through the so-called 'death act' . . . does not change the character of such actions except to expand the elements of damage available." *Hawkins v. Reg'l Med. Labs.*, 329 N.W.2d 729, 735 (Mich. 1982).

Chomic alleged "[t]hat as a direct and proximate result of the negligent acts and malpractice of the agents and employees of the defendant, . . . the plaintiff's decedent suffered injury and died as a result." Federal law is clear that a negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury. *Kubrick*, 444 U.S. at

121-23. Thus, as Michigan law does not create an independent cause of action for wrongful death, and as the record in this case is clear that on October 21, 1998, both the existence of Gorjup's injury and its alleged cause were known, we apply *Kubrick* to hold that the plaintiff's cause of action accrued on the date of injury and not at the later date of death.

In so holding, we disagree with the approach taken by our sister circuit in *Johnston*, 85 F.3d 217. In that case, the Fifth Circuit addressed a nearly identical question and held, "as a matter of federal law, that a wrongful death claim cannot accrue prior to death" if the decedent had an available cause of action at the time of his death. *Id.* at 224. The wrongful death statute in that case created a derivative, not an independent, cause of action. *Id.* at 219. The Fifth Circuit rejected the government's argument that the court should consider the nature of the plaintiff's cause of action under state law in determining the accrual date under the FTCA, stating that "[s]uch a rule would ignore the clear congressional expression that every plaintiff have two full years to prosecute an FTCA claim, undermine uniformity in accrual dates, and serve as an affront to the equitable remedial purpose of the FTCA." *Id.* at 224.

We disagree with the Fifth Circuit's conclusion because we think that its reasoning is flawed. *Johnston* ignores the fundamental principle that state law identifies whether a plaintiff has a cause of action and determines what that cause of action is; in so doing, it fails to properly apply the Supreme Court's teaching in *Kubrick*. In *Johnston*, just as in this case, state law provided merely that death did not extinguish an otherwise valid cause of action. It did not provide for an independent cause of action for survivors. Rather, as the court noted, Johnston's "claim [wa]s premised on allegations of medical malpractice." *Johnston*, 85 F.3d at 222. Thus, Supreme Court precedent had already settled when such a claim accrues as a matter of federal law. *Kubrick*, 444 U.S. at 121-23. Nevertheless, *Johnston* failed to apply *Kubrick*

and failed to explain why *Kubrick* was inapplicable to that medical malpractice claim. Furthermore, *Johnston* failed to explain why, when a cause of action for medical malpractice accrues when a plaintiff knows of both the existence and the cause of his injury, the clock should be set to zero on the same claim if, later on, the injured person dies. The Fifth Circuit offered no justification for its departure from *Kubrick*.

*Johnston* is also unpersuasive because it ignored the fact that state law did not create an independent cause of action for wrongful death. The court stated: "Implicit in a wrongful death action is a wrongful death. It is the most basic fact of which a wrongful death plaintiff must be aware. Quite simply, until there is a death, regardless of its underlying cause, there can be no wrongful death action." *Johnston*, 85 F.3d at 224. This quote reveals the *Johnston* court's failure to comprehend the difference between an independent cause of action for wrongful death and a state statute merely providing that death does not extinguish a preexisting cause of action. As liability under the FTCA depends on the existence of a cause of action under state law, it is important to correctly discern the nature of the cause of action created by state law. *Johnston* fails adequately to do so.

Furthermore, the equitable considerations cited by the Fifth Circuit in *Johnston* are unpersuasive. The court stated that it was "reticent" to require "plaintiffs to speculate in a macabre fashion as to the fate of their loved-ones and file premature suits for wrongful death based upon this speculation." *Id.* The rule we adopt today does not require the speculation the Fifth Circuit fears; rather, it merely provides that in states with no independent cause of action for wrongful death, once a person knows of an injury and its cause, he has two years to file a claim based on negligence or medical malpractice. An intervening death does not alter this rule, and we find nothing inequitable in this straightforward application of *Kubrick*. Furthermore, this rule is in keeping with the purpose of § 2401(b), which, as explained by the Supreme Court, "is to

require the reasonably diligent presentation of tort claims against the Government." *Kubrick*, 444 U.S. at 123.

Finally, the Fifth Circuit's claim that "every circuit that has addressed the accrual of wrongful death claims has reached the same conclusion: A wrongful death claim cannot accrue before death for FTCA purposes," is inaccurate. *Johnston*, 85 F.3d at 222. With the exception of *Johnston*, circuit courts either have not encountered the issue, have reached contrary decisions, or base their decisions on the fact that state law creates an independent cause of action for wrongful death.

Most of the courts of appeal that have considered accrual questions under the FTCA have applied *Kubrick*'s discovery rule to extend the period in which a plaintiff may file suit to some point after death when the cause of death is known. *See, e.g.*, *Skwira v. United States,* 344 F.3d 64, 75 (1st Cir. 2003), *cert. denied*, ___ S. Ct. ___, 2004 WL 297024 (U.S. Jun. 14, 2004); *Garza v. U.S. Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir. 2002); *Diaz v. United States*, 165 F.3d 1337, 1340 (11th Cir. 1999); *In Re Swine Flu Prods. Liab. Litig.*, 764 F.2d 637, 639 (9th Cir. 1985); *Drazan v. United States*, 762 F.2d 56, 59 (7th Cir. 1985). These courts simply have not considered whether a cause of action for wrongful death can accrue before death for FTCA purposes.

Although *Johnston* purports to rely on the Seventh Circuit's decision in *Fisk*, 657 F.2d at 170, that case supports the holding we reach today. In *Fisk*, the question was "whether a wrongful death claim brought pursuant to the [FTCA] is barred by the two-year statute of limitations . . . when more than two years have elapsed since the accrual of a personal injury claim for the wrongful act which caused the death, but less than two years have elapsed since the date of death." *Id.* at 168. Although the court stated that "[i]t is well settled that federal law . . . controls when a claim [under the FTCA] accrues for statute of limitation purposes," it looked to state law to determine the nature of the cause of action. *Id.* at 170. The court noted that the purpose of Indiana's wrongful death

statute was "not to compensate for the injury to the decedent, but rather to create a cause of action to provide a means by which the decedent's survivors may be compensated for the loss they have sustained by reason of the death." *Id.* The court analyzed Indiana's wrongful death statute and concluded that it "creates a new and independent cause of action for wrongful death under state law," rather than a derivative cause of action. *Id.* Thus, the court held "that when a state statute creates an independent cause of action for wrongful death, it cannot accrue for FTCA purposes until the date of the death which gives rise to the action." *Id.* at 171.

The *Fisk* court rejected the government's argument that the rule from *Kubrick* should apply to bar the claim because the decedent knew of the existence of an injury and its cause more than two years before the plaintiff filed her claim. *Id.* at 171-72. The court pointed out that under state law, the wrongful acts of the government's agent

> gave rise to two separate claims: a personal injury claim of the decedent, to which the Government was exposed for two years after it accrued, as per the *Kubrick* rule; and a wrongful death claim of the decedent's survivors, to which the Government was exposed for two years after it accrued.

*Id.* at 172. Today, we follow the Seventh Circuit's lead in *Fisk* and look to the nature of a state's wrongful death statute in determining when a cause of action thereunder accrues for purposes of the FTCA.

Our holding is also supported by the Fourth Circuit's holding in *Miller*, 932 F.2d 301. In *Miller*, the Fourth Circuit applied *Kubrick*'s discovery rule to a wrongful death action brought under the FTCA. The plaintiff claimed "medical malpractice by government doctors as the cause of [the decedent's] death." *Id.* at 302. The court acknowledged that federal law "defines the limitations period and the time of the

claim's accrual," but looked to Virginia law for the underlying cause of action. *Id.* The court noted:

> Virginia's wrongful death statute does not create a new cause of action, but only a right of action in a personal representative to enforce the decedent's claim for any personal injury that caused death. . . . For this reason, a wrongful death action under Virginia law is necessarily time-barred if at the time of the decedent's death her personal injury claim based on the tortious conduct that ultimately caused death is already time-barred.

*Id.* at 303 (internal citations and footnote omitted).

The court applied the rule from *Kubrick* and held that the plaintiff's claim under the FTCA was "barred by [the decedent's] discovery two years and a day before her death of the condition that finally caused her death, and of the cause of the condition." *Id.* at 304. The court rejected the plaintiff's argument that the decedent's claim could not have accrued on the date of discovery because the decedent "did not then realize that the failure to make early diagnosis was going to cause her death." *Id.* The court explained:

> Under *Kubrick*, a medical malpractice claim such as that here in issue accrues when a claimant first knows of an injury and its cause, and not only later when it is first realized that a particular legal claim may be maintainable in consequence of the injury. The question under *Kubrick* and Virginia wrongful death law in combination is not, therefore, whether at the critical time [the decedent] knew that she had a personal injury that would eventually cause her death, but only whether she then knew that she had *an* injury and, as is now alleged, an injury caused by the failure of [the government doctor] to have diagnosed her condition in time to prevent or minimize the injury that she indisputably then knew to exist.

*Id.* (emphasis in original).

The Fourth Circuit declined to resurrect a cause of action for medical malpractice that expired a day before the decedent's death merely because the decedent had died. This holding is inconsistent with the rationale of *Johnston*, which held that regardless of whether state law creates an independent cause of action for wrongful death, "until there is a death, regardless of its underlying cause, there can be no wrongful death action." *Johnston*, 85 F.3d at 224. Although *Johnston* declined to state whether its holding would be the same if the decedent's underlying claim had expired prior to his death, the court's logic is inconsistent with that of the Fourth Circuit, and its claim of circuit uniformity is unfounded. Thus, we decline to adopt the Fifth Circuit's approach and instead follow the lead of the Fourth and Seventh Circuits.

**B.**

Chomic also argues that the district court erroneously dismissed her FTCA claim on statute of limitations grounds when the statute of limitations should have been tolled. This argument is without merit.

First, Chomic argues that Gorjup's incompetency should have tolled the statute of limitations. It is undisputed that the government's alleged misconduct did not cause the decedent's incompetency, and courts have uniformly held that mental incompetency, standing alone, will not toll the running of the statute of limitations under the FTCA. *See e.g.*, *Barren by Barren v. United States*, 839 F.2d 987, 992 (3d Cir. 1988); *Zeidler v. United States*, 601 F.2d 527, 529 (10th Cir. 1979) (citing *Casias v. United States*, 532 F.2d 1339, 1342 (10th Cir. 1976)); *Williams v. United States*, 228 F.2d 129 (4th Cir. 1955), *cited in Jackson v. United States*, 234 F. Supp. 586, 587 (E.D.S.C. 1964). Furthermore, the language of § 2401(b) contains no saving clauses for disabilities of any kind. Rather, as the Supreme Court stated in *Kubrick*, the section is

a condition of the United States's waiver of sovereign immunity which is to be narrowly construed. 444 U.S. at 117-18. Courts are not at liberty to "take it upon [them]selves to extend the waiver beyond that which Congress intended." *Id.* at 118.

Second, Chomic argues that she should have been able to take advantage of Michigan law to toll the statute of limitations. The district court rejected this argument, stating: "Plaintiff cannot take advantage of Michigan's statute of limitations or tolling provisions for survival-type actions brought under the Wrongful Death Act." The Supreme Court

> has recognized the general principle that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. . . . Like a waiver of immunity itself, . . . [the] Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.

*Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (internal quotation marks and citations omitted). Accordingly, the statute of limitations in § 2401(b) must be strictly construed, and this court may not extend it by relying on the tolling provisions of state law. *Kubrick*, 444 U.S. at 117-18; *Miller*, 932 F.2d at 303; *Maahs v. United States*, 840 F.2d 863, 866 n.4 (11th Cir. 1988).

Third, Chomic argues that she was entitled to equitable tolling. We have stated that "[a]lthough equitable tolling may be applied in suits against the government, courts will only do so 'sparingly,' and not when there has only been 'a garden variety claim of excusable neglect.'" *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir.) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)), *cert. denied*, 535 U.S. 1113 (2002). Chomic has pointed to no evidence that

would entitle her to equitable tolling and has failed to show that any of the factors this court identified in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), weigh in her favor. Instead, the record is clear that Chomic had seventeen months as Personal Representative in which she could have investigated and filed a timely claim. We have stated that a "lack of diligence by a claimant acts to defeat his claim for equitable tolling." *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995). This assignment of error lacks merit.

## IV.

In conclusion, we hold that where state law provides a derivative, rather than an independent, cause of action for wrongful death, and where the underlying cause of action sounds in negligence or medical malpractice, a claim for wrongful death under the FTCA accrues on the date when both an injury and its cause are known. Accordingly, the judgment of the district court is **AFFIRMED**.