Lucille **WOLFENBARGER**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

**No. CIV–2–78–126.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 13, 1979.

J. Wayne Wolfenbarger, Rutledge, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn. and Robert E. Simpson, Asst. U. S. Atty. Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff seeks to recover damages herein from the national sovereign under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., for the wrongful death of her husband as a result of medical malpractice by employees of the defendant's Veterans' Administration. The defendant moved for a dismissal for lack of the Court's jurisdiction of the subject matter, or alternatively, for a summary judgment, on the ground that this action is barred by the 2-year administrative limitation period in 28 U.S.C. § 2401(b).[1] Rules 12(b)(1), 56(b), Federal Rules of Civil Procedure.

For the present purposes, it is stipulated that the plaintiff's decedent was admitted to a Veterans' Administration hospital in Mountain Home, Tennessee on March 4, 1975; that such decedent was transferred on March 11, 1975 to a similar facility in Oteen, North Carolina; that he died at such latter hospital on May 17, 1975; and that the plaintiff filed (apparently in writing) on May 14, 1977 an administrative tort claim with the district counsel for the Veterans' Administration " * * * for the wrongful death of her husband, Burgess E. Wolfenbarger. * * *"

The plaintiff's tort claim against the United States herein would be forever barred unless it was presented in writing to the appropriate federal agency " * * * within two years after such claim accrue[d]. * * * " 28 U.S.C. § 2401(b). " * * * [I]t is well established that federal law governs when a 'claim accrues' under 28 U.S.C. § 2401(b) for the purpose of fixing the point at which the two year limitation period begins to run against a claimant. * * * " Jordan v. United States, C.A.6th (1974), 503 F.2d 620, 622[1].

A wrongful death claim[2] accrues under the Federal Tort Claims Act on the date of the death. Kington v. United States, C.A.6th (1968), 396 F.2d 9, 12[1], certiorari denied (1968), 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373, affirming D.C. Tenn. (1967), 265 F.Supp. 699; Pringle v. United States, D.C.S.C. (1976), 419 F.Supp. 289, 291[2]; Foote v. Public Housing Com'r of United States, D.C.Mich. (1952), 107 F.Supp. 270, 274–295[9]. The plaintiff's administrative claim having been presented within two years of the death of her decedent, it was timely.

The motion hereby is

OVERRULED.

---

1. " * * * A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. * * * " 28 U.S.C. § 2401(b).

2. The defendant's reliance upon the medical malpractice rule as to when such a claim accrues, as set forth in Jordan v. United States, supra, appears misplaced. The Court views the plaintiff's claim herein as one for wrongful death, not mere medical malpractice See Pringle v. United States, supra. Had Mr. Wolfenbarger survived and brought suit to recover for the alleged acts of medical negligence, then the malpractice rules would be applicable.