David JOHNSTON, Individually and as representative of the estate of Richard J. Johnston; Gloria Johnston, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 95–50269.

United States Court of Appeals, Fifth Circuit.

June 13, 1996.

Walter L. Boyaki, John Gregory Mundie, Miranda & Boyaki, El Paso, TX, for plaintiffs-appellants.

Karen B. Norris, James William Jennings, Jr., Assistant U.S. Attorneys, Office of the United States Attorney, San Antonio, TX, James H. DeAtley, Austin, TX, John Walter Caldwell, Jr., El Paso, TX, for defendant-appellee.

Before POLITZ, Chief Judge, and JONES and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This is a wrongful death suit brought under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b). The district court dismissed the lawsuit for lack of jurisdiction on the basis that the wrongful death action accrued prior to death and was therefore barred by the two-year FTCA statute of limitations. Because we hold as a matter of federal law that a wrongful death claim cannot accrue prior to death, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 1990, Richard Johnston had coronary artery bypass surgery at Brooke Army Medical Center. Dr. Greg Bowman was the primary surgeon. Following surgery, Johnston experienced respiratory difficulty requiring use of a respirator. On June 19, 1990, a fluoroscopy of Johnston's diaphragm suggested that he had a condition called bilateral phrenic nerve apraxia as a result of injury to his phrenic nerve.[1] Dr. Bowman told Johnston's wife, Gloria Johnston, that her husband's phrenic nerve had been damaged in the earlier surgery and that treatment would be necessary at a different facility. On July 11, 1990, Johnston was transferred to Ven–Care South Texas Hospital. At Ven–Care, Johnston developed pneumonia and died on July 18, 1990.

On July 17, 1992, one day shy of the two-year anniversary of Johnston's death, his son, David Johnston, filed an administrative claim with the Government. Subsequently, Gloria and David Johnston sued the Government for wrongful death under the FTCA alleging medical malpractice by the physicians at Brooke Army Medical Center. Prior to trial, the Government moved to dismiss the suit for lack of subject matter jurisdiction on the grounds that the claim accrued, at the latest, on July 11, 1990.[2] As such, the Government maintained the Johnstons' claim was barred by the two-year FTCA statute of limitations. The district court agreed and dismissed the suit. This appeal ensued.

## DISCUSSION

Congress enacted the FTCA as a limited waiver of the sovereign immunity of

---

1. The phrenic nerve is the nerve that stimulates movement in the diaphragm. A diagnosis of "bilateral phrenic nerve apraxia" indicates that the phrenic nerve was injured resulting in inability to use the diaphragm to pump oxygen in and out of the lungs.

2. The Johnstons also argue on appeal that the Government's motion to dismiss for lack of subject matter jurisdiction was untimely under the district court's scheduling order. This point is meritless. It is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court. FTCA time limitations are jurisdictional. *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir.1987), *cert. denied*, 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988).

the United States. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see Johnson v. Sawyer,* 47 F.3d 716, 727 (5th Cir.1995) (en banc). While substantive state law determines whether a cause of action exists, federal law determines when that claim accrues. *Quinton v. United States,* 304 F.2d 234, 235 (5th Cir.1962). A two-year statute of limitations from the accrual date then applies for FTCA claims. 28 U.S.C. § 2401(b). However, neither the FTCA nor section 2401(b) explains when a cause of action "accrues."

■ The position of the parties is clear. The Johnstons posit that their wrongful death action accrued at death. Initially, they argue that they have a wrongful death claim under Texas law. Noting that federal law controls accrual, the Johnstons contend that while Texas state law might allow for pre-death accrual, federal law does not. Consequently, the FTCA two-year statute of limitations began to run on July 18, 1990, the date of Richard Johnston's death. Accordingly, their claim was timely filed on July 17, 1992.

While not disputing that accrual of an FTCA claim is a federal question, the Government maintains that we must look to Texas law to determine the nature of the Johnstons' cause of action. Turning to Texas law, the Government contends that under the facts of this case no liability would exist for a private person in Texas. First, the Government notes that under Texas law, a wrongful death action is a derivative suit. As such, the Johnstons possess only the claim that Richard Johnston had at the time of his death. Richard Johnston's claim was a health care liability claim. Relying on recent Texas Supreme Court authority, the Government maintains that a wrongful death claim premised on medical malpractice accrues on the date of the negligent act. *See Baptist Memorial Hosp. Sys. v. Arredondo,* 922

S.W.2d 120, 121 (Tex.1996); *Bala v. Maxwell,* 909 S.W.2d 889, 892–93 (Tex.1995). The Government concludes that because under the Texas accrual date no liability would be imposed on a private person, there can be no liability for the United States under the FTCA.

■ Thus, we are squarely presented with the question: When, as a matter of federal law, does a wrongful death claim pursued under the FTCA accrue? In answering this troublesome question, we are guided by our own jurisprudence on accrual and the experience of our sister circuits. Our task is complicated by the seemingly incongruous fact that under Texas state law certain wrongful death claims can accrue prior to death.

We begin our analysis with our seminal case on accrual under the FTCA—*Quinton v. United States.* The facts of *Quinton* are simple. On May 17, 1956, Quinton's wife, while under care at a military hospital, was negligently administered RH positive blood when her correct type was RH negative. The plaintiffs did not learn of this error until three years later in June 1959 during the wife's pregnancy. In August 1960, Quinton filed his FTCA action alleging that the negligent treatment caused his wife to give birth to a stillborn child and prevented her from safely bearing other children. *Quinton,* 304 F.2d at 235. Similar to our instant case, the state law in question held that a medical malpractice claim accrued when the alleged negligence took place. The Government, arguing that state law controlled accrual, moved to dismiss on limitations grounds; the district court agreed and dismissed the suit.

On appeal, faced with whether state or federal law determined accrual of a medical malpractice claim pursued under the FTCA, we held that federal law must govern. Our rule was clear:

[F]ederal law determines when the period of limitations contained in Section 2401(b) commences to run (i.e., federal law determines when a "claim accrues" within the meaning of Section 2401(b)), even though we look to state law to determine whether any claim has accrued against the Government which would enable the claimant to

sue under the Tort Claims Act. In other words, *we look to state law to determine whether the plaintiff's action is premature, but to federal law to determine whether the action is stale. If the plaintiff has a cause of action against the Government under state law, federal law then controls as to whether the plaintiff has timely instituted his suit to recover on that cause of action.*

*Id.* at 239–40 (emphasis added). Therefore, under *Quinton,* state law identifies whether the plaintiff has a cause of action or not. If a cause of action exists, federal law controls when the claim accrues and when the two-year FTCA limitations period begins to run.

Our rationale for adopting this rule guides us today. When Congress adopted the two-year limitations statute, it clearly and unequivocally manifested its intention to have a single limitations period govern all claims asserted against the United States under the FTCA. *Id.* at 236. This provides the FTCA claimant with a fixed period of time to institute suit, regardless of where the acts giving rise to liability occurred. Relying on state accrual dates would seriously frustrate the clear congressional policy underlying the federal limitations period. We explained:

Obviously, if the various states' rules could severally determine when a claim accrued against the Government under Section 2401(b), the uniformity which Congress sought by enacting that section would be, for all practical purposes, a goal impossible of attainment. Differing state rules as to when a particular tort claim accrues would necessarily produce diverse decisions as to the effect of Section 2401(b). *The mere alteration by a state of its rule as to the accrual of a particular claim would alter Section 2401(b) just as effectively as if Congress itself had formally amended that section.* Thus, acceptance of the Government's view would permit the states to do

indirectly what Congress clearly forbids them to do directly by increasing or decreasing their statutes of limitations on particular claims; and, contrary to the express purpose of Section 2401(b), claimants under the Tort Claims Act would have varying periods within which to bring suit against the Government depending solely on where their claims arose.

*Id.* at 236 (emphasis added). Hence we identified two laudable goals in answering questions of accrual of FTCA claims: uniformity and equity.[3] It is in the light of these considerations that we review the judgment of the district court.

Faced with the clear holding of *Quinton,* both the Government and the Johnstons agree that accrual is a federal question; they disagree, however, on what the answer should be in this case. While the issue of accrual of a wrongful death claim is one of first impression for us, our sister circuits have already grappled with this thorny problem.

The Seventh Circuit addressed the issue in *Fisk v. United States,* 657 F.2d 167 (7th Cir.1981). Fisk was negligently injected with radiopaque dye in 1950. Twenty-two years later, exploratory surgery revealed calcific scarring in his neck caused by the dye. Fisk was later diagnosed with artery disease caused by the dye-induced scarring. In 1976, he submitted his administrative claim based on the 1950 malpractice. In 1979 Fisk died from the dye-induced injuries; his widow amended the cause of action for wrongful death and won at trial. *Fisk,* 657 F.2d at 169. On appeal, the Government contended that when the same events give rise to both a malpractice and wrongful death claim, federal law establishes that the date upon which the malpractice claim accrued also governs the wrongful death claim.

---

**3.** The commentators recognize the importance of these goals as well:

The reliance on federal law in considering the accrual question is a salutary development. If the federal courts in litigation under the Tort Claims Act are not bound by state law, they are free to fashion a federal rule that more fully

accords with a balancing of equities, is in keeping with the remedial purposes of the statute waiving immunity and the policies underlying statutes of limitations, and one which will apply uniformly.

The Seventh Circuit disagreed.[4] The court held that when a state statute creates an independent cause of action for wrongful death, "it cannot accrue for FTCA purposes until the date of the death which gives rise to the action." *Id.* at 171. This decision was informed by several factors. Initially, the court agreed with *Quinton* that the accrual question is a federal one. *Id.* at 170. In answering this federal question, the court looked at the underlying state cause of action and noted that the Indiana wrongful death statute created an independent cause of action for wrongful death. After identifying a state cause of action, the court noted that "in an 'ordinary' wrongful death action under the FTCA, the federal rule is that the cause of action accrues upon the date of death." *Id.* The court was unwilling to waiver from this rule. One rationale used by the court was equity:

> To hold that a claim for wrongful death somehow accrues before the date of death would place the class protected by the statute in the legally untenable position of speculating about hypothetical or potential future injuries, for the damages awarded survivors under the wrongful death act, which include funeral and burial expenses, are not identical with those available in a personal injury action to the one actually injured, and remain indeterminate until death has occurred.

*Id.* at 171. Likewise, the court relied on uniformity. In response to the Government's position, similar to its position today, that some states bar a wrongful death action when a personal injury action based on the same acts of negligence would have lapsed, the court stated that a rule that a wrongful death claim cannot accrue for FTCA purposes until the date of death "will promote that uniformity of result that § 2401(b) was designed to protect." *Id.* at 173.

While *Fisk* most squarely addresses the accrual question facing us today,[5] other circuits have also analyzed the accrual of wrongful death claims under different factual contexts. The most frequently encountered issue of wrongful death accrual is when a plaintiff seeks to extend the period in which to file suit by contending that a wrongful death claim accrues at some point *after* death when the cause of death is known. Under these circumstances the circuits are split as to whether a discovery rule should be extended to wrongful death claims under the FTCA. This position has been summarily rejected by some courts, often with the simple holding that "a claim for wrongful death accrues upon the date of death." *Kington v. United States,* 396 F.2d 9, 12 (6th Cir.), *cert. denied,* 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968); *see Garrett v. United States,* 640 F.2d 24, 26 (6th Cir.1981) (rejecting claim that wrongful death accrues upon release of autopsy report); *see also Marbley v. United States,* 620 F.Supp. 811, 812 (D.D.C.1985); *Gallick v. United States,* 542 F.Supp. 188, 191 (M.D.Pa.1982). In contrast, the Ninth Circuit holds that the discovery rule is applicable to wrongful death claims. *See In re Swine Flu Prods. Liab. Litig.,* 764 F.2d 637, 640 (9th Cir.1985). Significantly, the discovery rule is applied only to *extend* the period in which a plaintiff can file suit, not pretermit a claim by finding pre-death accrual.

Another category of wrongful death accrual cases involve comatose decedents such as

2 Lester J. Jayson, *Handling Federal Tort Claims: Administrative and Judicial Remedies* § 14.03[1], at 14–22 (1995).

**4.** The commentators have also been highly critical of the Government's position. *See, e.g.,* David L. Abney, *For Whom the Statute Tolls: Medical Malpractice Under the Federal Tort Claims Act,* 61 Notre Dame L.Rev. 696, 718–720 (1986) (describing the Government's position as misconstruing both *Kubrick* and the tort of wrongful death).

**5.** Pre–*Fisk,* at least one district court also directly addressed the question. In *Wolfenbarger v. United States,* 470 F.Supp. 943, 944 (E.D.Tenn.1979),

the decedent was treated at a VA hospital in March 1975; he died on May 17, 1975. The administrative tort claim was filed on May 14, 1977. In finding the administrative claim timely, the district court held that "[a] wrongful death claim accrues under the Federal Tort Claims Act on the date of the death." *Id.* Post–*Fisk,* another district court has specifically adopted the reasoning of *Fisk* and held that a wrongful death claim premised on medical malpractice does not accrue until death. *See Natale v. United States,* No. 82 Civ. 8184–CSH, 1985 WL 2155, at *2–3 (S.D.N.Y. July 26, 1985).

in *Washington v. United States,* 769 F.2d 1436 (9th Cir.1985). In 1967, Beatrice Washington was admitted into an Air Force base hospital for delivery of her baby. When Air Force physicians injected her with a spinal anesthetic, she lapsed into a coma where she remained until her death fourteen years later. Her husband filed a FTCA wrongful death suit in 1983. Applying New York law, under which a wrongful death action can only be brought if the decedent had a viable cause of action at the time of death, the district court found the action time-barred because Washington's personal injury claim expired two years into her coma. *Washington,* 769 F.2d at 1437. The Ninth Circuit reversed holding that "Washington's cause of action did not accrue until her death." *Id.* at 1439. This holding was premised on the fact that Mrs. Washington was never aware of her injury or its cause; therefore, she had a viable personal injury action at the time of her death. Consequently, the Washingtons' wrongful death action was timely because it was filed within the two-year FTCA statute of limitation.

In sum, each of the other circuits addressing the accrual question have done so under different factual circumstances. Nonetheless, despite the varying factual contexts, every circuit that has addressed the accrual of wrongful death claims has reached the same conclusion: A wrongful death claim cannot accrue before death for FTCA purposes. When uniformity is a guiding principle of the federal question of accrual, this fact cannot be ignored.

While accrual is undeniably a federal question, an examination of Texas law concerning wrongful death is nonetheless worthwhile. As a threshold matter, Texas law must create a cause of action for the Johnstons to pursue. Only if a cause of action is recognized by state law do we reach the accrual question. In other words, as we said in *Quinton,* state law determines if the Johnston's claim is premature.

■■■ Texas has a wrongful death statute. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 71.001–.011 (West 1986). It provides a statutory cause of action for damages arising from a negligently inflicted injury that causes an individual's death. *Id.* § 71.002. This cause of action may be brought by the surviving spouse, children or parents. *Id.* § 71.004. A wrongful death action in Texas is a derivative suit because the Texas Wrongful Death Statute allows a cause of action "only if the individual injured would have been entitled to bring an action for the injury if he had lived." *Id.* § 71.003(a). As such, the right to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death. *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 347 (Tex.1992).

■■■ Clearly, the Johnstons' wrongful death claim was not premature. Applying Texas law, they have a wrongful death claim because Richard Johnston had a cause of action at the time of his death that the Johnstons could later assert under the Texas Wrongful Death Statute and the FTCA.[6] The Johnstons' claim is premised on allegations of medical malpractice stemming from the negligent severing of Richard Johnston's phrenic nerve. Had Richard Johnston survived, his claim was a health care liability claim as defined by Texas statute. Tex.Rev. Civ.Stat.Ann. art. 4590i, § 1.03(a)(4) (West Supp.1996). At the time of his death, Richard Johnston had a cause of action. Consequently, under the Texas Wrongful Death Statute, Gloria and David Johnston have the statutory state law claim that Richard Johnston had at the time of his death.[7]

---

**6.** We recognize that on the facts of this case, a private person might escape liability from the Johnstons' wrongful death claim, provided the party raised a state law limitations defense. This does not, as the Government suggests, create a situation contrary to the FTCA or our en banc opinion in *Johnson v. Sawyer.* It was never contemplated that there would be perfect symmetry between all FTCA claims and their non-FTCA counterparts. This is especially true when dealing with state statutes of limitations. For example, in Louisiana a one-year prescriptive period governs wrongful death claims. *See Taylor v. Giddens,* 618 So.2d 834, 841 (La.1993). Obviously, under the two-year FTCA limitations period the United States is exposed to liability where a private person in Louisiana is not.

**7.** The Texas Supreme Court has held that as a matter of substantive state law, there is no wrongful death action to accrue if the decedent's underlying claim expires, for whatever reason,

Because Texas state law recognizes a cause of action for wrongful death, it is informative, yet not controlling, to also examine Texas law on accrual of such a claim. In general, "[a] person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person." Tex.Civ. Prac. & Rem.Code Ann. § 16.003(b) (West 1986). Despite this explicit language on accrual, a different accrual date is recognized under Texas law if the wrongful death claim is premised on medical malpractice. When a wrongful death action is based on medical malpractice, the Texas Medical Liability and Insurance Improvement Act controls. *Baptist Memorial,* 922 S.W.2d at 121. Section 10.01 of the Act provides that health care liability claims must be filed within two years from the alleged negligent act. Tex.Rev.Civ. Stat.Ann. art 4590i, § 10.01 (West Supp. 1996). Therefore, section 10.01 dictates that this type of wrongful death claim accrues, not at death, but at the time the negligence took place. *Baptist Memorial,* 922 S.W.2d at 121; *Bala,* 909 S.W.2d at 892–93. The Texas Supreme Court explained:

> By including [section 10.01], the Legislature unequivocally expressed its intent that, when the time limitations of section 10.01 conflict with another law, section 10.01 governs. A wrongful death plaintiff suing on a medical negligence theory therefore does not necessarily have two full years from the time of death to bring a lawsuit. Rather, the statute of limitations expires at the same time it would have for the decedent, two years after the negligence occurred.

*Bala,* 909 S.W.2d at 892–93. Thus under the accrual and limitations period of section 10.01, a wrongful death claim premised on medical negligence can be time-barred before two years from the date of death.

Section 10.01 represents a state legislative determination to start the limitations clock running at the time of the alleged negligence. The purpose of section 10.01 was to alleviate a perceived medical malpractice insurance crisis by adopting an absolute two-year limitations period. *Id.* at 892. Significantly, section 10.01 is purely a statute of limitations provision. *See* Tex.Rev.Civ.Stat.Ann. art 4590i, subchapter J (West Supp.1996) (entitled "statute of limitations"). Plaintiffs like the Johnstons have a cause of action under Texas law. It is, however, subject to a limitations defense based upon the accrual date and limitations period of section 10.01. What the Texas legislature has done is precisely what we foreshadowed in *Quinton.* The legislature, by tinkering with the accrual date of one class of wrongful death claims, has in effect shortened the period in which such plaintiffs can bring suit in Texas. Should a Texas legislative action with respect to a statute of limitations be able to alter the federal limitations period? While Texas is free to fashion its accrual date and relevant statute of limitations as its sees fit, as a matter of federal law, we must determine if a similar rule is consistent with the remedial purpose of the FTCA, uniformity, and equity.

The FTCA is a limited waiver of the sovereign immunity of the United States. In adopting the FTCA, Congress created new liability that beforehand did not exist. To have defined all the tort rules under which liability could be established would have been an almost impossible undertaking. *Quinton,* 304 F.2d at 237. However, the matter of limitations was a simple one that Congress could easily determine for itself. Congress has set the limitations period at two years. "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." *Kubrick,* 444 U.S. at 117–18, 100 S.Ct. at 357 (citations omitted).

If we were to adopt the Government's position in this case, the Johnstons would not have two full years to pursue their claim. By geographic fortuity, the Government would escape liability. This is inconsistent with

---

prior to his death. *See Russell,* 841 S.W.2d at 348. That situation is not present here. Richard Johnston was injured on June 19, 1990. His allegedly negligent treatment ended, at the latest on July 11, 1990. He died one week later on July 18, 1990. Immediately prior to his death, Richard Johnston had a viable claim.

both the goals of uniformity and equity that must guide this Court on matters of accrual. In contrast, a determination that a wrongful death claim cannot accrue prior to death supports these goals.

As to uniformity, every circuit that has addressed the issue of accrual of wrongful death claims, albeit under different factual contexts, has concluded that wrongful death claims do not accrue prior to death. Similarly, the federal government recognizes the same accrual date with wrongful death claims asserted under other federal statutes. *See Reading Co. v. Koons,* 271 U.S. 58, 62–63, 46 S.Ct. 405, 406–07, 70 L.Ed. 835 (1926) (wrongful death claim under FELA accrues at death); *Phillips v. Heine,* 984 F.2d 489, 491 (D.C.Cir.) (wrongful death claim under Death on the High Seas Act accrues at death), *cert. denied,* —— U.S. ——, 114 S.Ct. 285, 126 L.Ed.2d 235 (1993). Louisiana and Mississippi both set accrual of wrongful death claims at time of death. *See Taylor v. Giddens,* 618 So.2d 834, 840 (La.1993); *Gentry v. Wallace,* 606 So.2d 1117, 1120 (Miss. 1992). Even Texas would recognize accrual at date of death for every wrongful death claim premised on negligent acts other than medical malpractice. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (West 1986). The interest of uniformity clearly points toward a rule that accrual cannot occur prior to the date of death.

Likewise, equity guides this Court. Implicit in a wrongful death action is a wrongful death. It is the most basic fact of which a wrongful death plaintiff must be aware. Quite simply, until there is a death, regardless of its underlying cause, there can be no wrongful death action. And as an equitable consideration, we are reticent to hold that a wrongful death action accrues pre-death, requiring some would-be plaintiffs to speculate in a macabre fashion as to the fate of their loved-ones and file premature suits for wrongful death based upon this speculation. We refuse to sanction such an illogical and inequitable rule.

## CONCLUSION

We hold today, as a matter of federal law, that a wrongful death claim cannot accrue prior to death. In so doing, we reject the accrual date employed under Texas state law that wrongful death claims premised on medical negligence accrue prior to death. Such a rule would ignore the clear congressional expression that every plaintiff have two full years to prosecute an FTCA claim, undermine uniformity in accrual dates, and serve as an affront to the equitable remedial purpose of the FTCA. The judgment of the district court is REVERSED and RE-MANDED.