IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60987
Summary Calendar

JOHN WECKESSER

Plaintiff - Appellant

V.

CHICAGO BRIDGE & IRON; L G BARCUS INC; CITY OF BILOXI

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi, Gulfport
No. 1:07-CV-982

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant John Weckesser appeals the district court's dismissal of his case for lack of subject matter jurisdiction. Because we agree with the district court that Weckesser did not state a cause of action arising under federal law, and complete diversity of citizenship did not exist, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

On February 12, 2007, John Weckesser, a resident of the state of Mississippi, filed a pro se complaint against the City of Biloxi (the "City"), L.G. Barcus, Inc. ("L.G. Barcus"), and Chicago Bridge & Iron ("CBI"). According to the complaint, beginning in February 2005, L.G. Barcus and CBI constructed a water tower for the City near Weckesser's home in Biloxi, Mississippi. Weckesser alleged that his house and property were damaged as a result of the negligent construction of the City's water tower. For example, Weckesser claimed that a drilling rig used to install pilings violently shook the earth around his house, and thereby cracked its ceilings and floors. Sparks from the welding process, meanwhile, allegedly damaged the house's vinyl siding and its asphalt shingles. In addition, Weckesser averred that the use of gravel and backfill to grade the construction site raised the site above the surrounding area, which caused water to pool upon Weckesser's property. As a result of these and other losses, including loss of rental income and mental anguish, Weckesser sought $100,000 in damages from each defendant.

On September 21, 2007, the City moved to dismiss the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the City argued that Weckesser: (1) failed to serve the City with a notice of claim before serving it with process, as required by the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-11(1); (2) failed to comply with the one-year statute of limitations period set forth in the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-11(3); and (3) failed to properly effect service of process on the City.

On November 9, 2007, the district court dismissed the case in its entirety. The district court did not consider the grounds for dismissal raised by the City. Rather, it held that it lacked subject matter jurisdiction over the case. The district court noted that diversity jurisdiction did not exist because Weckesser and the City were both residents of Mississippi. Next, the district court held

that federal question jurisdiction did not exist because, even under the most liberal construction of the complaint, Weckesser did not state a cause of action arising under federal law. Weckesser "allege[d] nuisance, property damage, negligence, and reckless disregard—all state law claims." The district court explained that Weckesser did not state a federal takings claim because he asserted neither that he was deprived of property without just compensation nor that he exhausted state remedies to seek just compensation before bringing the lawsuit. Additionally, the district court opined that Weckesser did not assert a due process claim since he alleged only negligent and reckless conduct.

On November 20, 2007, Weckesser filed this timely appeal.

## II. ANALYSIS

Weckesser argues that the district court erred by dismissing the case because his claims arise under federal law, and jurisdiction exists under 28 U.S.C. § 1331.[1] In particular, Weckesser argues that the allegations in his complaint state claims for relief under the Fourteenth Amendment's Due Process Clause and the Fifth Amendment's Takings Clause. In addition, Weckesser argues that he recently discovered that he has an action against the defendants arising under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321, et seq., because the water tower construction was funded by the federal government.

---

[1] Weckesser seemingly does not argue that the district court erred by finding a lack of diversity jurisdiction. To the extent that he takes exception, however, we hold that the district court correctly found that diversity jurisdiction did not exist because Weckesser and the City were both residents of Mississippi. See Freeman v. Nw. Acceptance Corp., 754 F.2d 553, 555 (5th Cir. 1985) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Powell v. Offshore Navigation, Inc., 644 F.2d 1063 (5th Cir. 1981)) (stating that under 28 U.S.C. § 1332, diversity of citizenship must be complete, meaning that each plaintiff must have citizenship different from that of each defendant).

We review a dismissal for lack of subject matter jurisdiction de novo. Krim v. PCOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).[2] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Id. (citation and internal quotations omitted). Under § 1331, a district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. The federal question must appear on the face of the plaintiff's well-pleaded complaint. MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002) (citation omitted); see also Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). Of course, we construe pleadings filed by pro se litigants liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

We agree with the district court that Weckesser has failed to state a cause of action arising under federal law. There is certainly no explicit reference to any federal law or cause of action in his complaint. Weckesser pled only state law actions, such as claims for negligence and private nuisance. Nor even under the most liberal interpretation of Weckesser's complaint can we construe the alleged facts to state a cause of action arising under federal law. See Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980) (citations omitted). As the district court noted, Weckesser did not state a federal due process claim because he merely averred that the City was negligent or reckless. See County of Sacramento v. Lewis, 523 U.S. 883, 848-49 (1998). Similarly, the district court

---

[2] Our review is not altered by the fact that the defendants did not move for dismissal based on the lack of subject matter jurisdiction because any federal court may raise the issue sua sponte at any time. Johnston v. United States, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (citation omitted); see also Freeman, 754 F.2d at 555 (citation omitted) (stating that it is the duty of the court to raise the issue of subject matter jurisdiction sua sponte).

correctly held that Weckesser did not plead a federal takings claim because he did not assert that he sought compensation for a taking through available state remedies or that he was consequently denied just compensation. See John Corp. v. City of Houston, 214 F.3d 573, 580-81 (5th Cir. 2000). Lastly, Weckesser cannot avoid dismissal by raising a federal NEPA claim for the first time in his appellate briefs because the claim was not a part of his well-pleaded complaint. See MSOF, 295 F.3d at 490.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgment.