**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-20369
Summary Calendar

MELVIN E. JOHNSON,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA and FEDEX,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CV-1585

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Melvin Johnson, federal prisoner # 16642-179, appeals the dismissal of his *pro se* complaint for failure to state a claim. He sued the United States and "FedEx" for damages based on the loss of his personal property, using the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleges that he was a federal inmate awaiting sentencing when he was transported on October 17, 2006, between detention facilities in Texas and that his personal property was lost in the course of these transfers because United States marshals were negligent and failed to follow established procedures with respect to maintaining custody and control of his personal property and managing the delivery of it through FedEx. He asserts FedEx failed to fulfill its duty of care with respect to the delivery of the property.

Johnson argues that his lawsuit was properly filed under the FTCA and that the district court erred in applying a heightened pleading standard and failing to accept his allegations as true. Instead of addressing that contention, we affirm on a different ground, because "it is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record." *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2009) (citation omitted).

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Federal Bureau of Prisons*, 128 S. Ct. 831, 835 (2008). Exempted from this waiver is "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). Section 2680(c) encompasses claims "arising out of" the detention of property, including claims based on negligent handling or storage of detained property. *Kosak v. United States*, 465 U.S. 848, 854 (1984). "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." *Ali*, 128 S. Ct. at 841.

If a claim against the United States falls under § 2680(c), federal courts lack subject matter jurisdiction to entertain it. *See City of Garland v. Zurn Indus., Inc.*, 870 F.2d 320, 326 (5th Cir. 1989). The lack of subject matter jurisdiction may be raised at any time *sua sponte*. *Johnston v. United States*, 85 F.3d

217, 218 n.2 (5th Cir. 1996); *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002).

The district court lacked subject matter jurisdiction over Johnson's claims against the United States, because, accepting his factual allegations as true, and construing his *pro se* complaint liberally, *see Hogan v. Midland County Comm'rs Court*, 680 F.2d 1101, 1103 (5th Cir. 1982), it is beyond doubt that, in light of § 2680(c), Johnson cannot prove a plausible set of facts supporting his claims against the United States that would entitle him to relief. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Chapa v. United States Dep't of Justice*, 339 F.3d 388, 390-91 (5th Cir. 2003); *Halverson v. United States*, 972 F.2d 654, 656 (5th Cir. 1992). Johnson's brief contains no argument that his allegations against FedEx stated a claim on which relief may be granted, and he has thus waived any such challenge to the district court's decision. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Johnson argues that the district court erred by dismissing his complaint without requiring defendants to file an answer. The district court, however, was not required to order service of process before dismissing for failure to state a claim. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000).

Johnson contends the court erred by dismissing without allowing him to amend the complaint or more fully articulate his claims. In general, it is error to dismiss a *pro se* complaint without affording opportunity to amend. *Bazrowx*, 136 F.3d at 1054. Johnson filed, without leave, an amended complaint that added nothing new to his original complaint. The failure to afford him a chance to amend or more fully articulate his claims is ameliorated, because Johnson had alleged his best case. *See id.*

Johnson contends the district court erred by failing to state whether the dismissal was with or without prejudice. The court committed no such error, because under FED. R. CIV. P. 41(b), a dismissal for failure to state a claim on which relief may be granted operates as an adjudication on the merits unless the dis-

missal order states otherwise. *See* Rule 41(b); *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985).

Johnson contends that the dismissal was erroneous because it violated his rights under the Seventh Amendment. Because the jury, as a trier of fact, has no role with respect to dismissals for failure to state a claim or lack of subject matter jurisdiction, Johnson's Seventh Amendment rights were not infringed. *See Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (per curiam). Finally, Johnson asserts that the dismissal has caused him to bear an undue financial burden to protect his right to file complaints, but he has waived any challenge based on this assertion by failing to brief any argument in support of it. *See Ruiz*, 160 F.3d at 275.

The judgment of dismissal is AFFIRMED.